IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:25-CR-302 (GTS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ZIAIR DUNLAP,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OFFER OF PROOF</u>

In anticipation of the defendant's scheduled change of plea, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offenses, and a factual basis for the defendant's guilty plea.  **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity disagreement with any of the facts described in it.**

1)     **<u>Potential Maximum Penalties (Counts 1 through 3):</u>** The Court can impose the following maximum penalties for the offenses to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

   a)  **Maximum term of imprisonment:** life, pursuant to 21 U.S.C. § 841(b)(1)(A).

   b)  **Mandatory minimum term of imprisonment:** 10 years, pursuant to 21 U.S.C. § 841(b)(1)(A).

   c)  **Maximum fine:** $10,000,000, pursuant to 21 U.S.C. § 841(b)(1)(A).

   d)  **Supervised release term:** In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).  A violation of the conditions

of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 5 years.

e) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

f) **Forfeiture:** Pursuant to 21 U.S.C. §§ 853(a) and (p), the Court may enter an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the indictment described above, or to any substitute assets, or to a money judgment, all as more fully set out below:

(1) A money judgment in the amount of $2,550.

2) <u>**Other Adverse Consequences:**</u>

a) Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b) If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. If the defendant is a naturalized citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States.  Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud.  Removal and other immigration consequences are the subject of a separate proceeding.  No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction on the defendant's immigration status. The

defendant understands this uncertainty and nonetheless wishes to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c) A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

3) **Elements of Offenses (Counts 1 through 3):**

a) First, that the defendant knowingly distributed a controlled substance; and

b) Second, that the controlled substance was 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

4) **Factual Basis for Guilty Plea:**

a) On or about October 3, 2023, the defendant met another individual (Customer A) in Syracuse, New York. The defendant gave Customer A approximately 80.6 grams of pure methamphetamine in exchange for $850. The defendant knew that the substance he sold to Customer A was a controlled substance.

b) On or about October 12, 2023, the defendant met Customer A in Syracuse, New York. The defendant gave Customer A approximately 110.3 grams of pure methamphetamine in exchange for $1,100. The defendant knew that the substance he sold to Customer A was a controlled substance.

c) On or about November 1, 2023, the defendant met Customer A in Syracuse, New York. The defendant gave Customer A approximately 55.86 grams of pure methamphetamine in exchange for $600. The defendant knew that the substance he sold to Customer A was a controlled substance.

Respectfully submitted,


TODD BLANCHE
Deputy Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney


*/s/ Matthew J. McCrobie*                                    3/17/2026
MATTHEW J. McCROBIE                                  Date
Assistant United States Attorney
Bar Roll No. 702739