UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————

UNITED STATES OF AMERICA

    v.

ZIAIR DUNLAP,

               Defendant.

Docket No. 25-cr-302 (GTS)

**Motion to Dismiss the Indictment, Disqualify Mr. Sarcone, Void his Actions, and Compel Discovery**

———————————————————

John A. Sarcone III has been unlawfully exercising the functions and duties of the U.S. Attorney since at least July 14, 2025.  During that time, Ziair Dunlap has been charged with committing federal offenses and denied participation in pretrial diversion, all as a direct result of Mr. Sarcone's unlawful involvement in this case. To remedy Mr. Sarcone's unlawful conduct, Mr. Dunlap seeks the following relief:

1.      An order dismissing the indictment with prejudice because Mr. Sarcone has been (a) unlawfully serving as a *de facto* U.S. Attorney for the Northern District of New York throughout the prosecution of Mr. Dunlap, and (b) personally, unlawfully, and prejudicially exercising the powers of the U.S. Attorney in this case;

2.      If this Court declines to dismiss the indictment with prejudice, Mr. Dunlap seeks an order (a) disqualifying Mr. Sarcone from any future involvement in investigating, prosecuting, or supervising this case, and (b) voiding any prior action he committed, supervised, or authorized under any title – including as Acting United States Attorney, Special Attorney, or First Assistant United States Attorney – in the investigation, initiation, or prosecution of this case.  The voiding order should include dismissing the indictment without prejudice, voiding the denial of pretrial diversion,

1

and requiring a full and independent review of Mr. Dunlap's application for pretrial diversion;

3.    As an alternative to dismissal, Mr. Dunlap seeks an order compelling discovery of Mr. Sarcone's involvement in the decisions to charge and deny pretrial diversion; and

4.    Any other relief that may be just and proper under the law.

## Background

**A.    Mr. Sarcone unlawfully assumes the role of Acting U.S. Attorney.**

Carla Freedman was the last person the United States Senate confirmed as the U.S. Attorney for the Northern District of New York.  She resigned from that position on February 17, 2025.[1]  Upon her resignation, Daniel Hanlon, who had been serving as First Assistant U.S. Attorney, began serving as the Acting U.S. Attorney.[2]

On March 4, 2025,[3] the Attorney General appointed Mr. Sarcone, a then-private citizen with no prosecutorial experience, Interim U.S. Attorney for 120 days

---

[1] *See Carla B. Freedman is Sworn in as United States Attorney for the Northern District of New York*, U.S. Dep't of Justice (Oct. 8, 2021), https://www.justice.gov/usao-ndny/pr/carla-b-freedman-sworn-united-states-attorney-northern-district-new-york.

[2] *See Archives: Acting U.S. Attorney Daniel Hanlon*, U.S. Dep't of Justice (Mar. 17, 2025), https://www.justice.gov/archives/usao-ndny/daniel-hanlon.

[3] *See Attorney General Pamela Bondi Appoints John A. Sarcone III as U.S. Attorney*, U.S. Dep't of Justice (Mar. 4, 2025), https://www.justice.gov/usao-ndny/pr/attorney-general-pamela-bondi-appoints-john-sarcone-iii-us-attorney.

under 28 U.S.C. § 546,[4] and he began serving on March 17, 2025.[5] Upon information and belief, the President has never nominated Mr. Sarcone.

On July 14, 2025, shortly before Mr. Sarcone's 120-day term under Section 546 was set to expire, this Court announced that it had declined to appoint an Interim U.S. Attorney under its Section 546(d) authority.[6]

That same day, July 14, 2025, Mr. Sarcone was appointed Special Attorney to the United States Attorney General,[7] pursuant to 28 U.S.C. § 515.[8]  In a letter Mr.

---

[4] 28 U.S.C. § 546 provides:
> (a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of United States attorney is vacant.
> (b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.
> (c) A person appointed as United States attorney under this section may serve until the earlier of—
> > (1) the qualification of a United States attorney for such district appointed by the President under section 541 of this title; or
> > (2) the expiration of 120 days after appointment by the Attorney General under this section.
> (d) If an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled. The order of appointment by the court shall be filed with the clerk of the court.

[5] *See John A. Sarcone III's Remarks Upon his Swearing-In as United States Attorney*, U.S. Dep't of Justice (Mar. 17, 2025), https://www.justice.gov/usao-ndny/pr/john-sarcone-iiis-remarks-upon-his-swearing-united-states-attorney.

[6] *See Announcements: United States Attorney for the Northern District of New York* (N.D.N.Y. July 14, 2025), https://www.nynd.uscourts.gov/news/united-states-attorney-northern-district-new-york.

[7] *See* Letter from Jewel Campos to John A. Sarcone III (July 14, 2025), https://www.nynd.uscourts.gov/sites/nynd/files/Letter%20from%20Mr%20Sarcone.pdf. The letter, signed by Jewel Campos, an Assistant Director of the Human Resources Staff (and not the Attorney General), purports to authorize Mr. Sarcone "to conduct in the Northern District of New York, any kind of legal proceedings, civil or criminal, including Grand Jury proceedings and proceedings before United States Magistrates, which United States Attorneys are authorized to conduct."

[8] 28 U.S.C. § 515 provides:
> (a) The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrate judges, which

Sarcone sent to Chief Judge Brenda K. Sannes, he attached the correspondence appointing him Special Attorney.[9]  He further claimed to have been designated the First Assistant U.S. Attorney for the Northern District of New York.[10]  Mr. Sarcone asserted that "by operation of law under the Vacancies Reform Act, I am now serving as Acting United States Attorney for the Northern District of New York indefinitely."[11]

## B.    Mr. Sarcone charges Mr. Dunlap while unlawfully serving as Acting U.S. Attorney.

Mr. Sarcone purported to assume the role of Acting U.S. Attorney on July 14, 2025.  Ten days later, on July 24, 2025, a federal grand jury returned an indictment charging Mr. Dunlap with three counts of distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).  The indictment

---

United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.
(b) Each attorney specially retained under authority of the Department of Justice shall be commissioned as special assistant to the Attorney General or special attorney, and shall take the oath required by law. Foreign counsel employed in special cases are not required to take the oath. The Attorney General shall fix the annual salary of a special assistant or special attorney.

[9] *See* Letter from John A. Sarcone III to Chief Judge Sannes (July 14, 2025), https://www.nynd.uscourts.gov/sites/nynd/files/Letter%20from%20Mr%20Sarcone.pdf.

[10] *Id.* Though not attached to that letter, a separate document, signed by the General Counsel to the Executive Office for United States Attorneys on July 14, 2025, designates Mr. Sarcone First Assistant U.S. Attorney for a period of one year.  *See NYOAG Subpoenas*, 25-cr-19 (N.D.N.Y.), Dkt. No. 46 at 400.

[11] Letter from John A. Sarcone III to Chief Judge Sannes (July 14, 2025). On October 8, 2025, Attorney General Pamela Bondi signed an order seeking to "ratify Mr. Sarcone's appointment as Special Attorney and designation as First Assistant United States Attorney."  *NYOAG Subpoenas*, 25-cr-19 (N.D.N.Y.), Dkt. No. 46, at 405.  The order further states that "[a]s First Assistant United States Attorney, Mr. Sarcone has authority to serve as Acting United States Attorney during the vacancy in that office, subject to the conditions and time limitations of the Federal Vacancies Reform Act of 1998, 5 U.S.C. §§ 3345-3349d."  *Id.*

bears Mr. Sarcone's name and title as Acting U.S. Attorney and is signed by an Assistant U.S. Attorney.

### C.   Mr. Sarcone is disqualified from exercising the functions and duties of U.S. Attorney.

On January 8, 2026, Judge Lorna Schofield, sitting by designation in this Court, held that "Mr. Sarcone is not lawfully serving as Acting U.S. Attorney."[12]  The government had argued that Mr. Sarcone was lawfully serving as Acting U.S. Attorney for two reasons.  First, the Attorney General designated him First Assistant U.S. Attorney, which, because there was no U.S. Attorney, the government argued, made him Acting U.S. Attorney under 5 U.S.C. § 3345(a)[13] of the Federal Vacancies Reform Act (FVRA).  Second, the government contended that Mr. Sarcone's designation as Special Attorney vested him with the functions and duties of a U.S. Attorney.

This Court rejected both arguments. First, the FVRA only permits an attorney to assume the role of Acting U.S. Attorney when that attorney is serving as First Assistant U.S. Attorney at the time the U.S. Attorney vacancy arises.  Because Mr. Sarcone had no role in the U.S. Attorney's Office at the time of Carla Freedman's

---

[12] *In Re Grand Jury Subpoenas to the Office of the New York Attorney General*, 814 F.Supp.3d 284, 298 (N.D.N.Y. Jan. 8, 2026) ("NYOAG Subpoenas"), *appeal docketed*, No. 26-156 (2d Cir.).

[13] As relevant here, 5 U.S.C § 3345 provides:
   (a) If an officer of an Executive agency (including the Executive Office of the President, and other than the Government Accountability Office) whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office—
      (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346.

retirement, the FVRA could not possibly authorize his appointment. Second, the Attorney General could not use general delegation statutes (28 U.S.C. §§ 509, 510, 515)[14] "to vest the authority of the U.S. Attorney for the NDNY in Mr. Sarcone:"

> The FVRA states that 'Sections 3345 and 3346 are the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency, unless' another statutory provision authorizes otherwise, or a recess appointment is made. 5 U.S.C. § 3347(a); *accord NLRB v. Newark Elec. Corp.*, 14 F.4th 152, 160-61 (2d Cir. 2021). The statute also states that general delegation statutes do not qualify as exceptions to the FVRA's exclusive procedures. 5 U.S.C. § 3347(b). Congress added this provision specifically to prevent agencies from using general delegation authority to bypass the FVRA.[15]

Moreover, even if the Attorney General could delegate nonexclusive duties, the actual delegation here "draws [no] distinction between his performing exclusive and nonexclusive duties."[16] The Attorney General's purported delegation, therefore, constituted an impermissible "attempt to use general delegation to create an Acting U.S. Attorney outside the FVRA's statutory framework."[17]

---

[14] 28 U.S.C. § 509 provides:

 All functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General except the functions—

  (1) vested by subchapter II of chapter 5 of title 5 in administrative law judges employed by the Department of Justice;

  (2) of the Federal Prison Industries, Inc.; and

  (3) of the Board of Directors and officers of the Federal Prison Industries, Inc.

28 U.S.C. § 510 provides:

 The Attorney General may from time to time make such provisions as he considers appropriate authorizing the performance by any other officer, employee, or agency of the Department of Justice of any function of the Attorney General.

[15] *NYOAG Subpoenas*, 814 F.Supp.3d at 297-98 (cleaned up).

[16] *Id.* at 298.

[17] *Id.*

As a consequence, this Court held that "[a]ny of his past or future acts taken in that capacity are void or voidable as they would rest on authority Mr. Sarcone does not lawfully have."[18] Moreover, Mr. Sarcone was disqualified from "any further involvement in prosecuting or supervising the criminal investigations."[19] These same (or very similar) appointments ploys in other districts have been consistently invalidated.[20]

**D.    Mr. Sarcone denies Mr. Dunlap pretrial diversion while unlawfully serving as Acting U.S. Attorney.**

Since his indictment, Mr. Dunlap has sought approval to participate in Providing Alternatives That Matter (PATH), a pretrial diversion program instituted by the United States Attorney's Office for the Northern District of New York prior to Mr. Sarcone's arrival.[21] The Justice Manual of the Department of Justice directs U.S. Attorney's Offices to "develop and implement a policy on the use of pretrial diversion appropriate for the Office's district."[22] Consistent with that directive, former U.S Attorney for the Northern District of New York Carla Freedman established PATH. As explained in the guidelines, "[a]ll requests for PATH, whether from the AUSA,

---

[18] *Id.*

[19] *Id.* at 300.

[20] *See United States v. Giraud,* 795 F. Supp. 3d 560 (D.N.J. 2025), *aff'd,* 160 F.4th 390 (3d Cir. 2025); *United States v. Garcia,* No. 25 Cr. 230, 2025 WL 2784640 (D. Nev. Sept. 30, 2025), *appeal docketed,* No. 25-6468 (9th Cir. Oct. 14, 2025); *United States v. Ramirez,* 807 F.Supp.3d 1086 (C.D. Cal. 2025); *United States v. Comey,* 810 F.Supp.3d 768 (E.D. Va. 2025); *United States v. James,* 810 F.Supp.3d 752 (E.D. Va. 2025).

[21] A copy of the PATH guidelines is attached hereto as Exhibit A.

[22] U.S. Justice Manual § 9-22.010, available at https://www.justice.gov/jm/jm-9-22000-pretrial-diversion-program.

defense counsel, or the probation office, will be reviewed by the U.S. Attorney with recommendations from the AUSA, Team Leader, the USAO PATH Coordinator, the Criminal Chief, and the First Assistant U.S. Attorney."[23]  Only the U.S. Attorney may approve a defendant for PATH.[24]

Mr. Dunlap meets the requirements to participate in PATH.[25]  So, in December 2025, he applied.[26] However, defense counsel learned on February 9, 2026, that Mr. Dunlap's application had been denied, a decision that could have only been made by Mr. Sarcone while he was unlawfully exercising the exclusive authority of the U.S. Attorney.[27]

**E.**    **As First Assistant U.S. Attorney, Mr. Sarcone purports to have vested in him the authority to exercise the full functions and duties of the U.S. Attorney after the President fires this Court's appointed Interim U.S Attorney.**

On February 11, 2026, 211 days after Mr. Sarcone declared himself Acting U.S. Attorney, the Board of Judges for the Northern District of New York appointed Donald Kinsella to serve as Interim U.S. Attorney under 28 U.S.C. § 546(d).  The President fired Mr. Kinsella the next day.[28]

---

[23] *See* Exhibit A at 1.

[24] *Id.* at 2.

[25] *See* Attorney Declaration ¶ 10-11, attached hereto.

[26] *Id.*

[27] *See* Attorney Declaration ¶¶ 9, 13-15; Exhibit A at 2.

[28] Todd Blanche (@DAGToddBlanche) (Feb. 11, 2026, 9:46 p.m.), X, https://x.com/DAGToddBlanche/status/2021777972215062787 ("Judges don't pick U.S. Attorneys, @POTUS does. See Article II of our Constitution. You are fired, Donald Kinsella.").

Since then, Mr. Sarcone has referred to himself as First Assistant U.S. Attorney for the Northern District of New York.[29]  A section of the United States Attorney's Office website entitled "Meet the U.S. Attorney" directs the reader to a profile of Mr. Sarcone.[30]  The profile claims that "[a]s First Assistant U.S. Attorney, Mr. Sarcone is the chief federal law enforcement officer responsible for all federal criminal prosecutions and civil litigation involving the United States in the Northern District of New York, an area covering 32 counties."[31]

**F.    Mr. Sarcone denies Mr. Dunlap's reconsideration request for pretrial diversion while purporting to exercise the function and duties of U.S. Attorney.**

In March 2026, Mr. Dunlap sought reconsideration of his pretrial diversion denial.[32]  In May 2026, defense counsel was informed that Mr. Dunlap's application had been denied by Mr. Sarcone.[33]

**Argument**

This Court has already disqualified Mr. Sarcone from exercising the functions and duties of the U.S. Attorney unless nominated by the President and confirmed by the Senate.[34]  Neither condition has been satisfied.  Yet, Mr. Sarcone continues to

---

[29] *See* https://www.justice.gov/usao-ndny.

[30] *Id.*

[31] *See* https://www.justice.gov/usao-ndny/staff-profile/us-attorney.

[32] *See* Attorney Declaration ¶¶ 13-15.

[33] *Id.*

[34] *NYOAG Subpoenas*, 814 F.Supp.3d at 298 (N.D.N.Y. Jan. 8, 2026).

hold himself out as the "chief federal law enforcement officer" in the Northern District of New York and to exercise the functions and duties of a *de facto* U.S. Attorney, first with the title of Acting U.S. Attorney and more recently with the title of First Assistant U.S. Attorney.  Therefore, this Court should grant the following relief.

## A.     This Court should dismiss the indictment with prejudice.

Mr. Sarcone approved the prosecution of Mr. Dunlap.  While in the role of Acting U.S. Attorney, the government obtained an indictment against Mr. Dunlap that bears Mr. Sarcone's name and purported title. Mr. Sarcone's unlawful involvement in the case continued when he reviewed and denied Mr. Dunlap's PATH application for pretrial diversion. "All actions that flowed from his defective appointment," including but not limited to obtaining the indictment and denying pretrial diversion, "were unlawful exercises of executive power."[35]

The typical remedy for "*ultra vires* action" is to restore the affected party to the position he occupied just before the unlawful action.[36]  And where the "exercise of prosecutorial power has not been authorized by law" there is "no way forward aside from dismissal" of the indictment.[37] The indictment in this case was based on an investigation that was conducted and overseen during a period when Mr. Sarcone unlawfully served as Acting U.S. Attorney. A new indictment would not cure those

---

[35] *United States v. Trump*, 740 F.Supp.3d 1245, 1303 (S.D. Fla. 2024).

[36] *See United States v. Stein*, 541 F.3d 130, 146 (2d Cir. 2008) ("The appropriate remedy for a constitutional violation is 'one that as much as possible restores the defendant to the circumstances that would have existed had there been no constitutional error.'") (citation omitted).

[37] *See Trump*, 740 F.Supp.3d at 1302 (dismissing indictment brought by special attorney whose appointment violated the Appointments Clause).

unlawful actions. Moreover, the administration's actions were undertaken with the express intention of circumventing statutory and constitutional safeguards. Dismissing the indictment without prejudice would only encourage additional violations.

This Court can also dismiss the indictment with prejudice based on outrageous government conduct. "To prevail on such a claim, however, a defendant must show that the government's conduct is 'so outrageous that common notions of fairness and decency would be offended were judicial processes invoked to obtain a conviction.'"[38] Mr. Dunlap's prosecution was approved and continued by a private citizen who was not lawfully appointed any relevant position. And Mr. Sarcone continued to exercise the unlawful authority in this case (and scores more) even after a court disqualified him and ordered his actions void and voidable. What is more, the Attorney General, who, herself, did not initially appoint Mr. Sarcone Special Attorney or designate him First Assistant U.S. Attorney, sought to ratify these actions on October 8, 2025, after two district courts (*Giraud* and *Garcia*) had already rejected the administration's appointments ploy. Dismissal with prejudice is the only remedy that can cure this outrageous intransigence.

Dismissal with prejudice is also necessary to remedy Mr. Sarcone's unlawful involvement in personally overseeing the pretrial diversion program. Mr. Sarcone first reviewed and denied Mr. Dunlap's PATH application for pretrial diversion while unlawfully serving as Acting U.S. Attorney. More recently, he denied reconsideration

---

[38] *United States v. Bout*, 731 F.3d 233, 238 (2d Cir. 2013).

while unlawfully assuming the functions and duties of the U.S. Attorney as a First Assistant U.S. Attorney.  According to the PATH guidelines, the U.S. Attorney has sole authority to review a PATH application and determine whether to grant pretrial diversion.  Mr. Sarcone is not the U.S. Attorney.  Therefore, he had no authority to review and deny Mr. Dunlap's PATH application for pretrial diversion.  His review and denial must be voided.[39]  Once voided, there is no one in the United States Attorney's Office with the established authority to review Mr. Dunlap's PATH application.  Simply removing these *ultra vires* actions – his review and denial of Mr. Dunlap's PATH application – is insufficient, then, to place Mr. Dunlap in the position he was prior to Mr. Sarcone's unlawful exercise of prosecutorial power.  Nor can any future determination of Mr. Dunlap's eligibility to participate in PATH be made free of Mr. Sarcone's tainted review.  And this is a problem of the administration's own making.  It has been on notice since at least early January, one month before Mr. Dunlap's initial PATH application was denied, that Mr. Sarcone could not constitutionally act as a *de facto* U.S. Attorney.  Yet, he continues to do so.

That Mr. Sarcone now purports to exercise the functions and duties of the U.S. Attorney as a First Assistant U.S. Attorney, instead of as an Acting U.S. Attorney, makes no difference.  This Court already rejected the Attorney General's attempt to use the delegation statutes to create a *de facto* U.S. Attorney and disqualified Mr. Sarcone from exercising the functions and duties of the U.S. Attorney "regardless of

---

[39] *NYOAG Subpoenas*, 814 F.Supp.3d at 298 (holding Mr. Sarcone's past or future acts taken as *de facto* U.S. Attorney are void or voidable).

title."[40] Chief Judge Brann, sitting by designation in the District of New Jersey, came to the same conclusion when the Attorney General sought to vest the functions and duties of the U.S. Attorney in three individuals – a Senior Counsel, a Special Attorney, and an Executive Assistant U.S. Attorney.[41] Even if none of the "triumvirate" held the title of Acting U.S. Attorney or was separately vested with the complete authority of a U.S. Attorney, together the three exercised the full functions and duties of a U.S. Attorney in violation of the FVRA and the Appointments Clause of the U.S. Constitution.[42]

**B.    This Court should continue to disqualify Mr. Sarcone and void his actions in this case.**

Judge Schofield's Opinion and Order is binding on Mr. Sarcone and equally applicable here.[43]  Despite this order, Mr. Sarcone has continued to supervise and personally participate in the prosecution of Mr. Dunlap. Therefore, should this Court decline to dismiss the indictment with prejudice based on this record, it should still

---

[40] *Id.* at 299-300.

[41] *United States v. Naviwala*, __F.Supp.3d __, 2026 WL 658885 (D.N.J. Mar. 9, 2026).

[42] The Appointments Clause of the Constitution provides:

> [The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United states, whose appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II, § 2, cl. 2.

[43] *See United States v. Davante Aandrell Jefferson*, 25-cr-160 (DJN) (E.D. Va. Jan. 6, 2025), Dkt. No. 16 at 1 (holding a similar disqualification of Lindsey Halligan in *United States v. Comey*, 25-cr-272 (MSN) (E.D. Va. Nov. 24, 2025), was binding in future cases in the same district, even though order was under appeal, but no stay had been issued).

issue an order disqualifying Mr. Sarcone and voiding any and all prior action he committed, supervised, or authorized in this case as *de facto* U.S. Attorney. That would include dismissing without prejudice the indictment that was obtained on July 24, 2025, during the period Mr. Sarcone purported to serve as Acting U.S. Attorney. It would also include voiding Mr. Sarcone's review and denial of Mr. Dunlap's PATH application and requiring some alternative review process of Mr. Dunlap's consideration for pretrial diversion. Moreover, Mr. Sarcone should be prohibited from having any future involvement in this case.

Should the Court be inclined to deny the motion to dismiss the indictment (with or without prejudice) at this stage, Mr. Dunlap respectfully requests this Court hold the dismissal motion in abeyance and order limited and narrowly tailored discovery directed at the extent of Mr. Sarcone's participation and involvement in, and influence over, the charging and PATH decisions, so that it can rule on the motion on a more developed record. The requested discovery is necessary to determine the nature and scope of Mr. Sarcone's role in initiating, directing, authorizing, or otherwise influencing the prosecution of Mr. Dunlap and denying pretrial diversion.

## Conclusion

For the foregoing reasons, Ziair Dunlap respectfully requests that this Court dismiss the indictment with prejudice. If this Court declines to dismiss the indictment with prejudice, Mr. Sarcone should be disqualified from having any future participation in this case and his prior actions should be voided. This would require dismissing the indictment without prejudice, voiding Mr. Sarcone's PATH denial, and

establishing an independent plenary review of Mr. Dunlap's application for pretrial diversion. To the extent this Court is inclined to deny the motion to dismiss the indictment (with or without prejudice) on this record, it should hold the dismissal motion in abeyance and compel discovery of Mr. Sarcone's involvement in the decisions to charge and deny pretrial diversion so that it can rule on the motion on a more fully developed record. Finally, this Court should order any other relief that may be just and proper under the law.

Dated: June 5, 2026                          ERIC K. SCHILLINGER
                                             Federal Public Defender
                                             Northern District of New York

                                             /s/
                                             Anne L. LaFex
                                             Assistant Federal Public Defender