

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*    *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*    *Fax: (315) 448-0658*
*Syracuse, New York 13261-7198*

June 17, 2026

VIA CM/ECF
Hon. Lorna G. Schofield
Senior U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Dunlap*
             Case No. 5:25-CR-302

Dear Judge Schofield,

The Government respectfully requests that the Court stay the current briefing schedule on the defendant's motion "to dismiss and disqualify John A. Sarcone III as United States Attorney," Dkt. 38, pending the Second Circuit's opinion in *In re Grand Jury Subpoenas to the Office of the New York State Attorney General*, Case No. 26-156. In the alternative the Government requests an extension of its response date to July 31, 2026.

### Procedural Background

The defendant was indicted on July 24, 2025 on 3 counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Dkt. 1. After a detention hearing, the defendant was granted pretrial release, Dkt. 16, and remains on pretrial release. After multiple stipulations excluding time under the Speedy Trial Act (*see* Dkt. 19, 21, 23), the defense asked that the Court set a change of plea hearing. The Court set such a hearing for April 7, 2026. Text Notice (Mar. 16, 2026).  Five days before the hearing, defense counsel requested a two-week adjournment. Dkt. 30. In response, the Court rescheduled the change of plea hearing for May 5, 2026. Dkt. 31. Shortly before that scheduled date, defense counsel asked for another adjournment. Dkt. 33. The parties again stipulated to further exclusion of time. Dkt. 34. Defense counsel next asked for more time to file pretrial submissions. Dkt. 36. The Court granted that request. Text Order (May 22, 2026). On June 5, 2026, defense counsel filed the instant motion to dismiss and disqualify. Dkt. 38.

### Request to Stay Motion Briefing

The defendant's argument in support of his motion to dismiss relies in large part on this Court's decision in *In re Grand Jury Subpoenas to the Office of the New York State Attorney General*, 814 F. Supp. 3d 284 (N.D.N.Y. Jan. 8, 2026). Dkt. 38 at 5-7. In citing that authority,

Letter to Hon. Lorna G. Schofield, Senior U.S. District Judge
*United States v. Dunlap*
Case No. 5:25-CR-302
June 17, 2026
Page 2

the defendant noted only that there was an "appeal docketed." *Id.* at 5 n.12. But the appeal has proceeded much past the docketing stage. The Second Circuit granted the Government's motion to expedite the appeal. *In re Grand Jury Supoenas*, No. 26-156 (2d Cir.) at R.12. Oral argument was held May 4, 2026, and the parties await the Second Circuit's opinion in that matter.

A stay of the briefing schedule pending the Second Circuit's opinion would promote judicial economy as that opinion will be instructive here, if not dispositive to some aspects of the defendant's motion. This is so especially because the defendant's motion relies heavily on the same decision that was appealed. A stay therefore would obviate the need for the Government and the defendant to argue issues that may be resolved by the pending appeal. And it would avoid the need for the parties to file, and the Court to consider, supplemental briefs responding to the Second Circuit's forthcoming decision, and the further delay that would accompany such briefing.

For those reasons, the Government requests that the Court stay the briefing schedule in this matter and permit the Government to file its response 30 days after the Second Circuit's decision is filed in *In re Grand Jury Subpoenas to the Office of the New York State Attorney General*.

In the alternative, the Government requests an extension of its response date to July 31, 2026. This request is based on the undersigned's responsibilities in a felony criminal trial scheduled to begin July 13, 2026, and given the issues raised in this defendant's motion, additional supervisory review and approval of the response will be required.

The Government consulted with defense counsel, who advised that the defendant objects to the Government's request.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    */s/ Matthew J. McCrobie*
       Matthew J. McCrobie
       Assistant United States Attorney
       Bar Roll No. 702739