UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZIAIR DUNLAP,<br><br>Defendant. | Docket No. 25-cr-302 (LGS)<br><br>**Reply in Support of Motion to Dismiss the Indictment, Disqualify Mr. Sarcone, Void his Actions, and Compel Discovery** |

Ziair Dunlap challenges Mr. Sarcone's authority to prosecute him for federal criminal offenses and to review and deny his request for participation in pretrial diversion. This challenge is based, in part, on this Court's prior determination that Mr. Sarcone is unlawfully acting as *de facto* U.S. Attorney for the Northern District of New York. The government's response to Mr. Dunlap's challenge contains arguments and legal analysis previously rejected by this Court (and others). There is no reason for the Court to reverse course now.

This reply addresses arguments and facts raised in the government's response. For all matters not addressed in this reply, Mr. Dunlap relies on his opening memorandum of law and supporting papers, which are incorporated by reference.

## Argument

### A. There Was No Waiver.

As this Court has already held, Mr. Sarcone has been unlawfully exercising the exclusive functions and duties of U.S. Attorney since at least July 15, 2025.[1] In an email received in May 2026, defense counsel learned for the first time that Mr. Sarcone was personally and directly exercising that unlawful authority in Mr. Dunlap's case. Based on that knowledge, Mr. Dunlap filed a timely motion to challenge Mr. Sarcone's unlawful involvement in his case.

The government contends that Mr. Dunlap somehow waived any challenge to Mr. Sarcone's involvement by not filing the motion sooner. However, until receiving notice in the email, Mr. Dunlap had no actual knowledge of Mr. Sarcone's direct involvement in his case, a fact the government does not dispute. When Mr. Dunlap learned that Mr. Sarcone was violating this Court's decision and continuing to unlawfully exercise authority he did not have, his motion became ripe and he filed a timely motion under Rule 12(b)(3) of the Federal Rules of Criminal Procedure seeking to void Mr. Sarcone's unlawful and voidable actions "regardless of title."[2] This is not waiver.

[1] *See In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.*, 814 F.Supp.3d 284 (N.D.N.Y. 2026) ("*NYOAG Subpoenas*").

[2] *See United States v. Naviwala*, 825 F. Supp. 3d 451 (D.N.J. 2026) ("[A] litigant challenging governmental action as void on the basis of the separation of powers" need only demonstrate that he 'sustain[s] injury' from an executive act that allegedly exceeds the official's authority. And when action is taken in violation of the separation of powers 'it inflicts a 'here-and-now' injury on affected third parties that can be remedied by a court.") (citations and quotations omitted); *NYOAG Subpoenas*, 814 F.Supp.3d at 298 (holding Mr. Sarcone's unlawful past or future acts are void or voidable).

The government's waiver argument, nevertheless, claims "that the defendant accepted the decision-making authority of FAUSA Sarcone and others in leadership positions in the Office" by seeking PATH reconsideration.[3] As an initial matter, the government's argument assumes Mr. Dunlap would have accepted a "favorable" PATH decision. But that is a question for Mr. Dunlap and one he has not yet answered. More fundamentally, through Mr. Dunlap's PATH reconsideration request, defense counsel learned Mr. Sarcone was purporting to exercise the exclusive authority of the U.S. Attorney in Mr. Dunlap's case. He filed the instant motion only when he received confirmation.

The government cites no authority to support its claim that Mr. Dunlap somehow waived his challenge by not filing earlier. That is because Mr. Dunlap's motion is no different from any other Rule 12(b)(3) motion. A defendant does not waive a right to file a motion challenging "a defect in instituting the prosecution" or "a defect in the indictment" by entering into plea negotiations, even when those negotiations assume the authority, lawfulness, or correctness of the very thing later challenged. Nor has Mr. Dunlap. A Rule 12(b)(3) motion can only be waived through a valid guilty plea or a failure to timely file without good cause.[4] Because Mr. Dunlap has done neither, his challenge is not waived.

Finally, Mr. Dunlap has no power to endow Mr. Sarcone with any authority. Whatever course Mr. Dunlap chooses in this prosecution will not change the fact that

[3] Dkt. No. 45 at PDF 6.

[4] *See*, e.g., *Naviwala*, 825 F. Supp. 3d at 524-25 n.512 & 514 (collecting cases holding that unlawful exercise of prosecutorial authority can be waived upon guilty plea or lack of timely motion).

Mr. Sarcone continues to unlawfully serve as *de facto* U.S. Attorney despite a prior disqualification order. And Mr. Sarcone, lacking any prior authority to exercise the duties and functions of the U.S. Attorney, should not now be endowed with that authority simply because Mr. Dunlap's timely motion was not filed sooner.

### B. The Pertinent Federal Statutes at Play Dictate the Outcome Previously Rendered by this Court.

The government's 16-page meandering recitation of statutory interpretation overcomplicates the real issue in this case.[5] The question is simply whether the Executive branch lawfully authorized Mr. Sarcone to perform the full scope of the duties and functions of the U.S. Attorney after Mr. Sarcone's 120-day term under 28 U.S.C. § 546 expired. This Court has already answered the question in the negative.[6] Nothing in the government's response should change that answer.

To review, on July 15, 2025, after his 120-day term under 28 U.S.C. § 546 expired, Mr. Sarcone was simultaneously (1) appointed Special Attorney under 28 U.S.C. § 515; and (2) designated First Assistant U.S. Attorney. According to the government, these two actions transformed him into the Acting U.S. Attorney by operation of the default provision of the Federal Vacancies Reform Act, 5 U.S.C. § 3345(a), until February 10, 2026. Thereafter, Mr. Sarcone retained his titles as Special Attorney and FAUSA. The government believes those titles bestowed the full

[5] Dkt. No. 45 at PDF 7-23.

[6] *NYOAG Subpoenas*, 814 F. Supp. 3d at 298.

scope of authority to carry out the duties and responsibilities of the United States Attorney by way of general delegation statutes, 28 U.S.C. §§ 510, 515.

This Court rejected Mr. Sarcone's purported authority between July 15, 2025, and February 10, 2026, on the basis that Mr. Sarcone could not slide into the role of Acting U.S. Attorney by operation of the FVRA because he was not the First Assistant U.S. Attorney at the time the vacancy initially arose.[7] And the Court then found "[t]he Attorney General cannot use general delegation statutes to vest the authority of the U.S. Attorney for the NDNY in Mr. Sarcone."[8] The Court's conclusion that the Executive branch unlawfully side-stepped the constitutional and statutory requirement of installing a U.S. Attorney through the PAS process is sound and correct, and is consistent with other courts considering the same or similar issues.[9] In the end, it does not matter what title Mr. Sarcone has been given or taken in this case because the facts establish that, "regardless of title," he has attempted to exercise the full scope and authority of the U.S. Attorney in this case without lawful authority.[10]

---

[7] *Id.* at 297.

[8] *Id.* at 298.

[9] *See United States v. Naviwala*, 825 F. Supp. 3d 451 (D. N.J. 2026); *United States v. Giraud*, 795 F. Supp. 3d 560 (D. N.J. 2025), *aff'd,* 160 F.4th 390 (3d Cir. 2025); *United States v. Garcia*, No. 25 Cr. 230, 2025 WL 2784640 (D. Nev. Sept. 30, 2025), *appeal docketed,* No. 25-6468 (9th Cir. Oct. 14, 2025); *United States v. Ramirez,* 807 F. Supp. 3d 1086 (C.D. Cal. 2025); *United States v. Comey*, 810 F.Supp.3d 768 (E.D. Va. 2025); *United States v. James*, 810 F. Supp. 3d 752 (E.D. Va. 2025).

[10] *See Naviwala*, 825 F. Supp. 3d at 480, 495 (explaining "the true substance of an office comes from the functions and duties its holder is authorized to exercise" and determining that whether a person is serving in a particular position "depends not on any title or formal designation, but instead on whether she is performing the functions and duties of the office").

## C. Dismissal of the Indictment Is Appropriate.

The government resists dismissal of the indictment in this case because it insists it was signed lawfully by an Assistant U.S. Attorney.[11] The lawful signature of an AUSA is not in dispute, and it does not cure Mr. Sarcone's unlawful exercise of authority in procuring and authorizing the indictment. And the government has now confirmed, or at least suggested, that Mr. Sarcone was indeed involved by offering the Court an *in camera* review of the "facts regarding the individuals involved in the approval and presentment of Dunlap's indictment."[12] Had Mr. Sarcone *not* been personally involved, the government could have said as much through a declaration from Mr. Sarcone himself. Such evidence would solve the mystery about Mr. Sarcone's involvement. Instead, the government presents smoke and mirrors for why dismissal is not warranted, spending pages of text focused on the undisputed legal principle that an AUSA can sign an indictment.

The issue is what Mr. Sarcone's involvement was in obtaining the indictment against Mr. Dunlap because any involvement – any exercise of his purported authority to fulfill the full scope and responsibilities of the United States Attorney – is sufficient to justify dismissal. Given the chance to dispute his involvement, the government has failed to do so. The only logical conclusion is that Mr. Sarcone was involved, and the indictment must be dismissed.

## D. Mr. Sarcone Must Be Disqualified and His Actions in this Case Must Be Voided.

---

[11] Dkt. No. 45 at PDF 23-27.

[12] *See id.* at PDF 29 n.19.

Should the Court decline to dismiss the indictment with prejudice, it can, and should, issue an order disqualifying Mr. Sarcone from any further participation in this case and voiding Mr. Sarcone's prior actions, including his review and denial of Mr. Dunlap's request to participate in PATH. Contrary to the government's suggestion, Mr. Dunlap does not contend that he had a right of participation in PATH. Like a plea agreement, PATH is one avenue created by the USAO for disposition in a criminal case brought here in the NDNY. It is a tool for resolution within the USAO's toolbox. That Mr. Sarcone utilized the tool in considering and denying Mr. Dunlap's request for participation in PATH under the guise of exercising the full scope of authority of the United States Attorney renders his actions unlawful and therefore voidable.[13]

**Conclusion**

For the foregoing reasons, and for the reasons stated in Mr. Dunlap's opening memorandum of law, Mr. Dunlap respectfully requests the Court dismiss the indictment with prejudice. If this Court declines to dismiss the indictment with prejudice, Mr. Sarcone should be disqualified from having any future participation in this case and his prior actions should be voided. This would require dismissing the indictment without prejudice, voiding Mr. Sarcone's PATH denial, and establishing an independent plenary review of Mr. Dunlap's application for pretrial diversion. To the extent the Court is inclined to deny the motion to dismiss (with or without

[13] As an alternative to dismissal of the indictment and an order voiding Mr. Sarcone's actions in this case, Mr. Dunlap requests an order directing the government to provide full discovery concerning Mr. Sarcone's participation and involvement in, and influence over, the charging and PATH decisions.

prejudice) on this record, it should hold the dismissal motion in abeyance and compel discovery of Mr. Sarcone's involvement in the decisions to charge and deny pretrial diversion so that it can rule on the motion on a more fully developed record. Finally, the Court should order any other relief that may be just and proper under the law.

Dated: July 20, 2026

ERIC K. SCHILLINGER
Federal Public Defender
Northern District of New York

*/s/*
Anne L. LaFex
Assistant Federal Public Defender