**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*
*James M. Hanley Federal Building*
*Syracuse, New York 13261-7198*

*Tel.: (315) 448-0672*
*Fax: (315) 448-0658*

August 18, 2026

BY CM/ECF
Hon. Lorna G. Schofield
Senior U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Dunlap*
Case No. 5:25-CR-302

Dear Judge Schofield,

The Government writes to advise the Court of an additional authority related to the defendant's pending motion to dismiss the indictment and for other relief. On August 17, 2026, the Ninth Circuit Court of Appeals issued its opinion in *United States v. Jackson*, No. 25-6214, 2026 WL 2387099 (9th Cir. Aug. 17, 2026). The Ninth Circuit held that the Federal Vacancies Reform Act (FVRA) does not permit the Attorney General to make someone an Acting United States Attorney by designating that person as the first assistant to an already-vacant office of U.S. Attorney. *Id.* at *1.

The Ninth Circuit also held that the Attorney General cannot delegate "all of the functions and duties of the U.S. Attorney to someone else." *Id.* It is important to note, however, that *this* Court already has squarely recognized at least one significant, statutory limitation on the Attorney General's delegation authority—specifically, that the Attorney General cannot delegate a special attorney or First Assistant United States Attorney the authority to obtain tax return information under 26 U.S.C. § 6103(i)(1)(B). *See In re Application for an Ex Parte Ord. to Authorize Disclosure of Tax Returns & Tax Return Info.*, No. 25-mc-22, 2026 WL 63331, at *3 (N.D.N.Y. Jan. 8, 2026). Indeed, the Ninth Circuit cited this Court's decision as an apparent counterpoint to the government's position that all the functions and duties of a U.S. Attorney are delegable. *Jackson*, 2026 WL 2387099, at *12. This Court's decision in the tax return case shows that Mr. Sarcone is not in fact serving as a *de facto* Acting U.S. Attorney in the sense identified by the Ninth Circuit—even putting aside the fundamental differences between an "acting" and "non-acting" officials identified by the government in its motion response, *see* Dkt. 45 at 18, and the fact that the FVRA applies across the executive branch, so that an interpretation of its exclusivity clause should not turn on its specific application to the Department of Justice, and the breadth or narrowness of the Attorney General's delegation authority, *id*. at 22.

In *Jackson*, the defendants also cross-appealed the district court's denial of their motions to dismiss their indictments. The Ninth Circuit dismissed those cross-appeals for lack of appellate jurisdiction. 2026 WL 2387099 at *2.

The Government respectfully submits that the defendant's motion to dismiss the indictment and to disqualify Mr. Sarcone should be denied for the reasons stated in the Government's response, notwithstanding the Ninth Circuit's non-binding opinion in *Jackson*.

Respectfully submitted,

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: */s/ Matthew J. McCrobie*
MATTHEW J. McCROBIE
Assistant United States Attorney
Bar Roll No. 702739