# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# FOR THE NORTHERN DISTRICT OF NEW YORK

**Albany Office**

54 State Street
Suite 310
Albany, NY 12207
(518) 436-1850
(518) 436-1780 Fax

Eric K. Schillinger - Federal Public Defender
Emma Reynolds - First Assistant

**Syracuse Office**

4 Clinton Square
3rd Floor
Syracuse, NY 13202
(315) 701-0080
(315) 701-0081 Fax

August 21, 2026

Honorable Lorna G. Schofield
Senior United States District Judge
Thurgood Marhsall Courthouse
40 Foley Square
New York, New York 10007

Re: UNITED STATES V. ZIAIR DUNLAP
Case No. 5:25-CR-0302 (LGS)

Dear Judge Schofield:

This letter provides supplemental authority supporting Mr. Dunlap's currently pending motion to dismiss the indictment and disqualify John Sarcone III, who has been unlawfully exercising the functions and duties of the U.S. Attorney for the Northern District of New York.

Last week, the Ninth Circuit disqualified Sigal Chattah as the putative Acting U.S. Attorney for the District of Nevada. *United States v. Jackson*, --- F.4th ----, 2026 WL 2387099 (9th Cir. Aug. 17, 2026). Ms. Chattah rose to her position as Acting (and now First Assistant) U.S. Attorney via the same legal and procedural mechanisms that made Mr. Sarcone the putative head of the U.S. Attorney's Office for the Northern District of New York. *See Jackson*, 2026 WL 2387099, at *2. In disqualifying Ms. Chattah, the Ninth Circuit rejected the same arguments asserted by the government in Mr. Dunlap's case. In particular, the Ninth Circuit held that, although the Federal Vacancies Reform Act (FVRA) provides that a first assistant automatically succeeds to a vacant office, such automatic succession applies only to a first assistant who held the position at the time the vacancy arose. *Id.* at *5-11. Because Ms. Chattah was not serving as first assistant under a lawfully appointed U.S. Attorney, the FVRA precludes her automatic succession. *Id.* The Ninth Circuit also concluded that the U.S. Attorney General cannot create a *de facto* U.S. Attorney by delegating all of the functions and duties of the U.S Attorney to a single person because the FVRA is "the exclusive means for temporarily authorizing an acting official to

perform the functions and duties of any office." *Id.* at *11-13. Accordingly, Ms. Chattah was disqualified from supervising the prosecutions of the defendants in that case.[1]

Nothing in *Jackson* supports the government's position. The government recognizes that *Jackson* repudiated the Attorney General's purported delegation of "all of the functions and duties of the U.S. Attorney to someone else." Dkt. No. 47 at 1 (quoting *Jackson*, 2026 WL 2387099 at *1). Yet the government contends that this Court's prior decision striking Mr. Sarcone's attempt to obtain tax return information under 26 U.S.C. § 6103(i)(1)(B) somehow demonstrates that "Mr. Sarcone is not in fact serving as a *de facto* Acting U.S. Attorney in the sense identified by the Ninth Circuit." Dkt. No. 47 at 1 (citing *In re Application for an Ex Parte Ord. to Authorize Disclosure of Tax Returns & Tax Return Info*., No. 25-MC-22 (N.D.N.Y. 2026)). Not so. This Court's rejection of Mr. Sarcone's prior attempt to exercise a non-delegable power of a U.S. Attorney did not somehow ratify the Attorney General's impermissible delegation and bless Mr. Sarcone's continued unlawful exercise of the duties and functions of the U.S. Attorney. Moreover, just like Ms. Chattah, the Attorney General's delegation to Mr. Sarcone was unlimited. And, Mr. Dunlap's case demonstrates that Mr. Sarcone continues to purport to exercise that unlimited delegation, holding himself out as the "chief federal law enforcement officer responsible for all federal criminal prosecutions and civil litigation involving the United States in the Northern District of New York." *See* *https://www.justice.gov/usao-ndny/staff-profile/us-attorney* (last visited Aug. 21, 2026). Although acting under the label of First Assistant U.S. Attorney,[2] Mr. Sarcone continues to act as a *de facto* U.S. Attorney. As *Jackson* makes clear, the FVRA "prohibits a complete delegation of all of the U.S. Attorney's powers to a single person." *Jackson*, 2026 WL 2387099 at *1.

In addition to the Ninth Circuit's decision in *Jackson*, the Second Circuit issued a decision today affirming this Court's order disqualifying Mr. Sarcone as Acting U.S. Attorney. *In Re Grand Jury Subpoenas to the Office of the New York State Attorney General*, No. 26-156 (2d Cir. Aug. 21, 2026) (*NYOAG Subpoenas*) (available at https://ww3.ca2.uscourts.gov/decisions/OPN/26-156_complete_opn.pdf). The Second Circuit's findings and legal conclusions are identical to this Court's underlying decision and the Ninth Circuit's decision in *Jackson*:

[1] Although the defendants cross-appealed the denial of their motions to dismiss the indictments brought while Ms. Chattah was unlawfully serving as Acting U.S. Attorney, *Jackson* dismissed those claims for lack of interlocutory or pendent appellate jurisdiction. Therefore, aside from disqualifying Mr. Sarcone from any future involvement with this case, *Jackson* has no direct bearing on the additional remedies requested by Mr. Dunlap.

[2] *Jackson* also clarified that "[t]he only function of the first assistant *qua* first assistant is to be the Acting U.S. Attorney in the event of a vacancy. *See* 28 C.F.R. § 0.137(b). As explained above, Chattah cannot do this, so her designation as 'first assistant' is not meaningful here." *Jackson*, 2026 WL 2387099 at *12. The same is true of Mr. Sarcone.

> We hold that Sarcone was not serving as Acting U.S. Attorney when he obtained the subpoenas because the FVRA permits only a First Assistant already in place when the vacancy arises to become the acting officer automatically. We further hold that the general delegation to Sarcone of all the duties of the U.S. Attorney's office was an unlawful use of general delegation authority to circumvent the FVRA's exclusivity provision.

*NYOAG Subpoenas*, slip op., at 4.

Although Mr. Sarcone now acts as *de facto* U.S. Attorney under the title First Assistant U.S Attorney, instead of Acting U.S. Attorney, the Second Circuit indicated that the distinction makes no difference:

> The [FVRA] dictates that whether someone is impermissibly serving as an acting officer turns on function, not form. Section 3345 defines an acting officer not by whether an individual claims that label but by whether he performs "the functions and duties of the" vacant 'office.' *Id.* § 3345(a)(1)-(3). Under that functional conception of acting officers, the dispositive inquiry is whether a delegation is so comprehensive that an individual functionally occupies the vacant PAS office by performing its duties, thereby serving as the *de facto* acting officer.

*Id*. at 29-30. Accordingly, the Second Circuit held that "[a] straightforward application of the FVRA's exclusivity provision bars Sarcone's wholesale delegation." *Id*. at 30.

Based on the Ninth and Second Circuit's recent decisions, and for the reasons set forth in previous briefing, Mr. Dunlap asks the Court to disqualify Mr. Sarcone. Moreover, dismissal is appropriate given Mr. Sarcone's unlawful exercise of prosecutorial authority in Mr. Dunlap's case.

Respectfully,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

ERIC K. SCHILLINGER
Federal Public Defender

By: */s Anne LaFex*
Assistant Federal Public Defender
Bar Roll No. 517311